GODFREY *vs.* BADGER.

*Twelfth Judicial District Court, May,* 1857.

CONTRACTS—LEX LOCI—TENDER.

The lex loci contractus should prevail over the lex fori where there is a variance between them in regard to the law of demand of payment on a promissory note.

Godfrey *vs.* Badger.

An answer setting forth an averment " that the money was ready at the time and place to pay if the demand had been made " is insufficient. It was only a tender and should be pleaded with a profert in curia. It is not a matter of defense.

The plaintiffs are merchants, doing business in Boston, Massachusetts and the defendant is a resident merchant of San Francisco. The present action was instituted by them to recover $2,867, due on four promissory notes, made by defendant in September, 1856, by his duly authorized attorney in the city of Boston. The suit was commenced on March 26th, last, and an amended complaint filed on the 13th April. Another action by the plaintiffs against defendant for $478 61, alleged to be due and owing on another note, made in the same manner as the four mentioned in the last suit, was instituted on the 15th April. The defendant demurred on the ground that the complaints did not state facts sufficient to constitute causes of action. An answer was also put in by defendant. The other facts in the cases appear in the opinion.

*W. K. Osborne,* for plaintiff.

*Shafter, Park & Shafter,* for defendant.

Norton, J.—The Supreme Court of this State, in the case of Wild *v.* Van Valkenburg, decided at the last January term, adopted the English rule that in an action against the maker of a promissory note, it is necessary for the plaintiff to aver and prove a demand at the place of payment specified in the note. In order to avoid the application of this rule to the present case, the plaintiffs have averred that by the laws of Massachnsetts, where the notes were made and are payable, such a demand is not necessary. The defendant demurs, and the question presented is whether the case is to be governed by the law of the place where the contract was made and was to be performed, or by the law of the place where the action is tried.

The English Courts base their rule upon the ground that it is the legal effect of the contract that a demand shall be made at the place specified, and that such demand is a condition precedent to the liability of the promissor. The Massachusetts Courts, on the contrary,

hold that although the party to such a contract is not bound to pay anywhere else, yet the contract to pay at such place is unqualified and does not depend upon the condition of a demand being made. Whichever may have the better reason, they both consider the question as depending upon the nature and legal effect of the contract. This being so, it seems clear that the laws of Massachusetts, where the contract was made and was to be performed, and in reference to which the parties must be presumed to have contracted, must govern instead of the laws of the State where the action is tried.

Judge William Kent in a note [3d Kent's Com. 7th ed., p. 122,] referring to the case of Sands *v.* Clark, [65 Eng. Com. Law Rep. 751,] where the English rule was applied to a note made and payable in New York, expresses this opinion to the same effect in the following emphatic terms: "It seems not to have occurred to the counsel or the court, in this case, to inquire what was the *lex loci contractus*, which was certainly the controlling law."

The note on which the action of Wild *v.* Van Valkenburg was brought was made and payable in New York, and the Supreme Court were aware that laws of New York are like those of Massachusetts in this respect, but the point now in question was not presented or considered, nor was the *fact* of the law of New York presented by the pleading so that it could properly have been made the ground of any decision in that case, and hence the present case is not affected on this point by that decision.

The demurrer to the complaint must therefore be overruled.

The defendant has also filed an answer, in which he avers, as to three of the notes, that he had the money at the time and place, ready to pay if a demand had been made. The plaintiffs demur to this answer, and I think the answer insufficient. If the effect of the contract, construed by the laws of Massachusetts, is merely that the maker will pay at a particular time and place, then his readiness at the time and place is, at most, but a tender, and requires to be pleaded with a *profert in curia*. Such a readiness cannot be more effectual than an offer of the money directly to the payee would be, in the case of a note payable generally. If the English rule should be held applicable to this case, and a demand should hereafter be made at the place specified, and an action brought in default of payment, it will

become necessary to decide what was the effect of the defendant having been ready at the *time* and place specified. Was the debt absolutely discharged, or was it only a tender? A supposition that the former result would ensue from a failure to demand, at the *time* and place, appears to have influenced in some degree, the American Judges in adopting a rule the opposite of that adopted by English Judges (Wallace *v.* McConnell, 13 Pet., 136—Carley *v.* Vance, 17 Mass., 389); but the latter will probably be held, in this State, to be the only effect of a readiness to pay, in default of a demand, at the *time* and place, and the defendant will be obliged to plead such a fact with a *profert in curia*, or, at least, with an averment that the money was left at the place specified, subject to any future demand of the payee. The demurrer to the answer must be sustained.